S03A1665. FULLER v. THE STATE.
(591 SE2d 782)

BENHAM, Justice.

William Fuller, Jr. appeals from his convictions for felony murder and possession of a firearm during the commission of a crime.[1] The evidence at trial showed that police officers responding to a call that shots had been fired, discovered the body of Oliver Barfield in the parking lot of a church. Barfield had been shot three times by a .22 caliber gun and died of those wounds. After his arrest, Fuller admitted participating in an attempted robbery of Barfield. He claimed when Barfield slapped away another robber's gun and turned toward Fuller, putting his hand in his pocket, Fuller fired one shot at Barfield's feet, and when Barfield began to run toward him, Fuller fired at Barfield until his gun was empty. Police officers recovered a gun determined to be the murder weapon from a location provided by Fuller in his statement.

1. The evidence adduced at trial and set out above was sufficient to authorize a rational trier of fact to find Fuller guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hodnett v. State*, 269 Ga. 115 (1) (498 SE2d 737) (1998).

2. The trial judge went to the jury room and communicated with the jury on two occasions after the close of evidence, accompanied both times by the prosecuting attorney and defense counsel, but without Fuller. The first visit to the jury room, after the jury charge conference, was for the purpose of informing the jury that proceedings would continue beyond 5:00 p.m. and suggesting they make whatever arrangements were necessary for staying late. The second

---

[1] The crimes occurred on May 18, 1996, and Fuller was indicted on October 8, 1996, for felony murder (armed robbery), armed robbery, and possession of a firearm during commission of a crime. Trial commenced on February 11, 1998, and on the following day, the jury found Fuller guilty of felony murder (attempted armed robbery), attempted armed robbery, and possession of a firearm during commission of a crime. The trial court sentenced Fuller to life in prison for felony murder, and to a consecutive five-year term for the possession of a firearm offense, and merged the attempted armed robbery count into the felony murder conviction. A motion for new trial was filed on March 11, 1998. On October 10, 2000, the trial court appointed new counsel for the appeal. New counsel filed an amended motion for new trial on June 2, 2003. The trial court conducted a hearing on the motion for new trial on June 4, 2003, and denied it in an order dated June 13, 2003. A notice of appeal was filed June 26, 2003, and the appeal was docketed in this Court on July 28, 2003. The appeal was submitted for decision following oral argument on November 18, 2003.

visit, after closing argument, was to explain to the jurors the verdict form jointly drafted by the prosecuting attorney and defense counsel. At the conclusion of each communication, the trial judge summarized the communication on the record and both the prosecuting attorney and defense counsel agreed with the trial judge's summary. Fuller contends on appeal as he did on motion for new trial that the trial judge's discussions with the jury in the jury room denied him the right to be present at all critical stages of his trial. "Within the Georgia constitutional right to the courts is a criminal defendant's 'right to be present, and see and hear, all the proceedings which are had against him on the trial before the Court.' [Cits.]" (Emphasis omitted.) *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998). In discussing this issue in *Hanifa*, we made clear our disapproval of judge/jury communication outside the presence of the defendant:

> Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused . . . ; and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial. . . . [Cits.] We state again: "all communications with the jury are to be discouraged except in open court with all persons present. . . ." [Cits.]

*Hanifa v. State*, supra, 269 Ga. at 807. While the first communication in the jury room concerned a matter "relating to the comfort and convenience of the jury," and was thus, as Fuller concedes, not prejudicial, we cannot consider the communication regarding the verdict form to be so innocuous. "A colloquy between the trial judge and the jury is a part of the proceedings to which the defendant and counsel are entitled to be present." *Hanifa*, supra, 269 Ga. at 807.

Like many other rights, however, the right to be present can be waived by failure to object. Id. In *Hanifa*, supra, 269 Ga. at 808, we found a waiver of appellate review of the issue because the defendant was aware of the judge/jury communication and did not object before verdict. In the present case, Fuller was present in the courtroom when the jury room visits were decided upon and when, after the vis-

its, a summary of the communications was placed on the record by the trial judge and agreed to by the prosecuting attorney and defense counsel, but there is no indication on the record that Fuller objected himself or sought to have his trial counsel object on his behalf. We are not persuaded by appellate counsel's argument that criminal defendants are required to be silent at all times and under all circumstances during their trials. Fuller had opportunities to discuss these visits with counsel after the fact and assert any objections he had, but the record is silent in that regard. We conclude, therefore, as we did in *Hanifa*, that any objection to the communication with the jury regarding the verdict form was waived.

3. Fuller also argues on appeal that he was denied effective assistance of counsel because trial counsel did not preserve his right to be present at the discussion of the verdict form. Trial counsel's death prior to the hearing on the motion for new trial prevented a thorough examination of the reasons for Fuller's exclusion from the discussion of the verdict form, rendering problematic a determination whether trial counsel's performance was deficient. However, "[s]ince an appellant claiming ineffective assistance of counsel must show both deficient performance and actual prejudice stemming from that deficiency, an insufficient showing on either of these prongs relieves the reviewing court of the need to address the other prong. [Cit.] We turn, therefore, to the prejudice prong. . . ." *Cain v. State*, 277 Ga. 309, 311 (4) (588 SE2d 707) (2003). In the present case, as in *Cain*, the evidence against the defendant was overwhelming. Fuller admitted to the police and in his testimony at trial that he participated in an attempt to rob the victim and that he fired his weapon at the victim until it was empty. Forensic testimony established that the victim was killed by a shot fired from Fuller's gun. Given that evidence, we conclude that there is no reasonable probability that Fuller's presence at the discussion of the verdict form would have produced a different result. Consequently, as we did in *Cain*, we find no prejudice arising from Fuller's exclusion from the verdict form discussion. That being so, Fuller has not established ineffective assistance of counsel. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*McGee & McGee, J. Baker McGee*, for appellant.
*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.