## S12A0878. WRIGHT v. THE STATE.
(734 SE2d 876)

MELTON, Justice.

Following a jury trial, Tamarkus Lekeith Wright was found guilty of malice murder, felony murder, armed robbery and burglary in connection with the robbing and shooting of Joseph Ray.[1] On

---

[1] On May 25, 2006, Wright was indicted for malice murder, felony murder (predicated on burglary), armed robbery, two counts of burglary, and possession of a firearm by a convicted felon. The trial court severed one of the burglary counts and the possession of a firearm count from the remaining counts, and, following a September 22-25, 2008 jury trial, Wright was found guilty on all of the remaining charges. On September 25, 2008, the trial court sentenced Wright to life imprisonment for malice murder and armed robbery, and twenty consecutive years for burglary. The felony murder count was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Wright filed a motion for new trial on October 17, 2008, which

appeal Wright contends that his trial counsel was ineffective and that the trial court erred in allowing improper testimony at trial. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on or about March 21, 2006, Wright, Ryan Danrico Simmons, and Elliot May went to Ray's home with the intent to rob him. Wright and Simmons kicked in the door to Ray's home, and Wright shot Ray. Wright and Simmons ransacked the home, stealing some money and marijuana. Wright then returned to Ray, who was still breathing, and shot him again. By the end of the incident, Ray had been shot four times, and he later died from the gunshot wound that he had received to his chest.

The evidence was sufficient to enable a rational trier of fact to find Wright guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wright contends that his trial counsel was ineffective because (a) he failed to strike for cause a state probation officer during voir dire and instead used a peremptory strike to do so, and (b) he failed to object and move for mistrial when a State's witness testified to inadmissible character evidence.

In order to succeed on his claim of ineffective assistance, Wright must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Wright has not shown that the state probation officer was subject to a juror strike for cause. See, e.g., *Jordan v. State*, 247 Ga. 328, 340 (6) (276 SE2d 224) (1981) (trial court did not err in overruling challenge for cause to juror who "was working at the time of the trial for the State Board of Pardons and Paroles as institutional parole

---

he amended on November 17, 2011. The motion was denied on November 18, 2011. Wright's timely appeal was docketed in this Court for the April 2012 term and submitted for decision on the briefs.

supervisor" where juror stated affirmatively that "he had no fixed opinion as to the guilt or innocence of the defendant"). Indeed, here, the prospective juror responded "yes" when asked if she could "listen[ ] to the trial and judg[e] the evidence . . . without any bias to either party." Under these circumstances we cannot say that trial counsel rendered deficient performance by using a peremptory strike to have the juror removed instead of moving to strike the prospective juror for cause.

(b) Wright also asserts counsel was ineffective for failing to object and move for a mistrial with respect to the following testimony from State's witness Horace May:

Q: [W]hy did you think it was [that Wright] . . . put [a gun] in your shed?
A: At the time, okay, there was something going on about an air conditioner with a guy named Tim Simms that my name came up in, and with this guy, Tim Simms, however it went, and, I mean, [Wright] wanting to shoot Tim, kill Tim about whatever Tim supposed to been going around saying, so I decided I'm going down to the house.

Wright's counsel testified at the motion for new trial hearing that he did not object to this testimony because it was his strategy to use the witness' words against him to portray him as a liar on cross-examination. In this connection, the witness had previously told police that another man, not Wright, had placed a gun in the shed, and the witness had said nothing about Wright being involved with a gun at the time that he was initially interviewed by Wright's counsel. Because counsel's strategy to portray the witness as a liar rather than object to his testimony was reasonable, Wright has not met his burden of showing ineffective assistance. See, e.g., *Washington v. State*, 276 Ga. 655, 659 (3) (a) (581 SE2d 518) (2003) ("The manner in which an attorney attacks the credibility of a witness falls within the ambit of trial tactics") (citation omitted).

3. Wright also contends that the trial court erred in allowing the admission of certain testimony at trial. Specifically, he contends that (a) Ronald Williams was improperly allowed to make inadmissible hearsay statements during his testimony and make statements that improperly bolstered the testimony of Elliot May; and (b) Horace May was improperly allowed to make inadmissible hearsay statements during his testimony.

(a) Ronald Williams testified that he heard Anwayne Anderson and Little Lee Anderson tell Wright's girlfriend, Tasha Anderson, "You know your boyfriend fixing to go do some bump . . . [and] some

f*cked up sh*t," meaning that Wright was allegedly planning on committing a robbery. However, even though this testimony constituted inadmissible hearsay (see OCGA § 24-3-1), we find no harm from its admission, as it was merely cumulative of other properly admitted evidence at trial from this witness and one of Wright's accomplices indicating that Wright said that he was "down for whatever" in order to get some money "out here in these streets," and that he had spoken with Simmons about making "some easy money right quick [by robbing this] old school dude [who] got money" immediately before traveling to Ray's house to rob him. See *Smith v. Stacey*, 281 Ga. 601, 601-602 (1) (642 SE2d 28) (2007) ("The admission of hearsay testimony is harmless when it is cumulative of legally admissible evidence showing the same fact.").

Similarly, we find no harm from the admission of Williams' testimony regarding a jailhouse conversation that he allegedly had with Elliot May following Ray's death. Although Williams' testimony in this regard constituted inadmissible hearsay because it was given without May ever having the veracity of his own testimony challenged at trial (see *Johnson v. State*, 289 Ga. 498 (4) (713 SE2d 376) (2011)), we find no harm from its admission given the fact that other properly admitted evidence showed that a robbery involving multiple gunshots had taken place "in the victim's [home] . . . [a]nd [Williams] did not mention [Wright] or place him at the crime scene. It is clear, therefore, that any improper bolstering of [May's] testimony by [Williams'] hearsay testimony had no real effect on [Wright's] convictions." Id. at 502 (4).

(b) With respect to Horace May's testimony regarding alleged statements made by Wright to Elliot May following Ray's death, Wright made no contemporaneous objection to this testimony at the time that it was offered. He has therefore waived review of this issue on appeal. *Devega v. State*, 286 Ga. 448, 449 (3) (689 SE2d 293) (2010) ("By not raising [a] double-hearsay objection at the time the testimony was introduced, [the defendant] waived that objection") (citation and punctuation omitted).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 2012.

*John H. Bradley*, for appellant.

*Fredric D. Bright, District Attorney, Stephen A. Bradley, DeLeigh P. Shelton, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General,* for appellee.