## S13A1017. BRYANT v. THE STATE.
### (749 SE2d 697)

MELTON, Justice.

After being found guilty of murder, felony murder, rape, aggravated assault, and burglary, Willie Lee Bryant appeals, contending that his trial counsel rendered ineffective assistance by failing to obtain a DNA expert.[1] For the reasons set forth below, we affirm.

1. In the light most favorable to the verdict, the record shows that Tisha Person found her mother, Candiace Person, dead on the floor of her bedroom on the evening of November 26, 2005. The phone lines in the home had been cut. The victim died of asphyxiation, and bruising around her face and neck were consistent with having been strangled. During the autopsy, semen was found in the victim's vagina, and DNA testing showed that it could have been contributed by Willie Bryant, the defendant. Bryant had previously been Tisha's boyfriend, and he often visited the victim's home. In fact, Bryant had been known to visit the victim when Tisha was not present. When Bryant was arrested and informed of the DNA that was discovered, he told police that he had been having a consensual sexual relationship with the victim, though he did not admit to the murder. In addition to this evidence, police discovered that Bryant frequented a hotel that was located approximately 100 yards from a gas station where the victim's credit card was fraudulently used shortly after her murder.

---

[1] On July 24, 2009, Bryant was indicted in Fulton County for malice murder, three counts of felony murder, rape, aggravated assault, and two counts of burglary with regard to crimes committed against Candiace Person. Following a jury trial, Bryant was found guilty of all charges, and he was sentenced to life imprisonment for malice murder with twenty consecutive years for one count of burglary. The convictions for felony murder were vacated by operation of law, Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993), and all of the remaining counts were merged for purposes of sentencing. On March 16, 2010, Bryant filed a motion for new trial, and, after retaining new counsel, he filed an amended motion on June 10, 2011, which was denied on December 20, 2012. Bryant filed a timely notice of appeal, and his case, which he submitted for decision on the briefs, was docketed to the April 2013 term of this Court.

Also, it was determined that Bryant had previously been charged with the rape of a former girlfriend. In that prior incident, Bryant was accused of cutting his girlfriend's phone lines, entering her home, and choking and raping her.

This evidence was sufficient to enable the jury to find Bryant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Bryant contends that his trial counsel rendered ineffective assistance by failing to obtain a DNA expert to rebut the testimony of the State's expert. The record shows that the State's expert testified that the DNA sample did not exclude Bryant, but it could not be used as a definitive match.

> In order to succeed on his claim of ineffective assistance, [Bryant] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

In this case, Bryant's counsel contacted an independent DNA expert who reviewed the file and informed trial counsel that his testimony would be similar to the testimony of the State's DNA expert. Given this opinion, trial counsel made the determination that, rather than call a separate expert who would reiterate the testimony already presented by the State, she would focus on her cross-examination of the State's expert in order to show that the results of the DNA testing were highly inconclusive. The record shows that trial counsel did, in fact, thoroughly cross-examine the State's DNA expert, emphasizing that the DNA sample was partial and insufficient to show a match with Bryant. Under these facts, the trial court did not err in its determination that Bryant's trial counsel acted reasonably and did not render ineffective assistance.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 2013.

*Charita H. Demps*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Paige Reese Whitaker, Sheila E. Gallow, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Andrew G. Sims, Assistant Attorney General*, for appellee.