# S13A0909. WHITE v. THE STATE.
### (750 SE2d 165)

BENHAM, Justice.

Appellant Demicio White was convicted for the shooting death of Derek Hazley.[1] Appellant and the victim were both teenagers. On the night of November 12, 2006, appellant's girlfriend Jalexia "KiKi" Knight was with Keith Horne, Malcolm Mitchell, and Paula Mott at Mott's house. Earlier in the day Knight had walked with Horne, who was Mott's next door neighbor, to the store to purchase potato chips. Trial testimony revealed that Knight called appellant while she was at Mott's house and he asked her "who Keith was" and said he was "coming down there." Mitchell testified he heard the conversation because Knight set the phone on speaker and said he recognized appellant's voice having known appellant for a year. Appellant later stopped by Mott's house along with his brother, and Mott testified she told them to leave because they were looking for a fight.[2] Mott stated she saw the brothers walk over to a white car with a black stripe upon leaving her house. According to the testimony of Knight's cousin, on the next day at school, appellant told the cousin he was going to hurt Knight because she had walked with Horne. Knight's cousin also testified that appellant told her he was going to try to kill Horne. After school, Mitchell went to look for Horne and saw a white car with a black stripe approximately three times in the vicinity of Horne's house. When the occupants of the white car called to him, Mitchell ran away. Mitchell testified that he could not see the occupants of the car. Later that night a neighbor who lived close to a church called Victory Temple of God heard a gunshot at about 10:20 or 10:30. She testified that she looked out of her front door and saw three young males[3] running across her yard. She stated she did not call police because she believed the young men were playing around. At 11:25 that night, police discovered the body of the victim in front of the church. During the subsequent investigation, appellant became a suspect. After

---

[1] The crime occurred on November 13, 2006. On January 22, 2007, a Laurens County grand jury indicted appellant on charges of malice murder and felony murder (aggravated assault). After a jury trial on June 8, 2007, the jury returned a verdict finding appellant guilty of felony murder and the trial court sentenced him to life in prison. Appellant filed a motion for new trial on June 22, 2007, and filed amendments in December 2010 and November 2011. The trial court conducted a hearing on the motion for new trial as amended on June 29, 2012, and denied the motion on September 21, 2012. Appellant filed a notice of appeal on October 22, 2012, and the case was docketed to the April 2013 term of this Court. The case was orally argued on June 3, 2013.

[2] By that time, Knight, Mitchell, and Horne were no longer at Mott's house.

[3] The investigation revealed the three young men to be appellant, appellant's brother Elquein "Rod" White, and Antonio "Rico" Cuyler who owned the white car with the black stripe.

being advised of and waiving his *Miranda*[4] rights, appellant submitted to four in-custody interviews and made statements to authorities. During the last interview, which was initiated by appellant, he admitted shooting the victim with a .380 caliber pistol.[5] This last statement, which was audio recorded, was played to the jury at trial. The medical examiner testified the victim died from a gunshot wound to the head. Appellant took the stand in his own defense and testified that he did not shoot the victim and that the recorded statement played at trial, in which he admitted to the crime, was not truthful.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant alleges his trial counsel was constitutionally ineffective because he (a) failed to give timely notice of an alibi defense; (b) failed to ask follow-up questions during voir dire of a potential juror who said her family member was the victim of a violent crime; (c) failed to subpoena appellant's cell phone records; (d) failed to object to the admission into evidence of a firearm that was not the murder weapon; and (e) failed to show that a witness who testified he recognized appellant's voice during a cell phone conversation could not visually identify appellant as being the occupant of a vehicle. To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court. *Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

Pretermitting whether trial counsel's performance was deficient for any of the conduct alleged, appellant cannot establish the second prong of the test that he was prejudiced. Each allegation of ineffective assistance is discussed in turn below.

---

[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

[5] Appellant told police he mistook the victim for Keith Horne.

(a) The record shows the State filed a demand for notice of an alibi defense in February 2007 near the time of appellant's arraignment. Immediately prior to the *Jackson-Denno*[6] hearing and while discussing appellant's request for a charge on alibi, it came to light that trial counsel was unaware of the State's demand when he took over the case from previous defense counsel and that no notice of alibi was filed on appellant's behalf. During the *Jackson-Denno* hearing, appellant's father testified that appellant was at home with him on the night of the murder, but admitted that he left the home during a period of time to do laundry and go to the grocery store. At the conclusion of the *Jackson-Denno* hearing, the trial court ruled in favor of the State and barred any evidence of an alibi defense being presented at trial. While it appears that counsel likely was deficient in failing to carefully peruse the file regarding the State's demand for notice of an alibi defense and for failing to file a timely notice of alibi defense, appellant cannot show that he was prejudiced by such failure. As indicated, appellant's father's testimony at the *Jackson-Denno* hearing showed there was a window of time on the night of the murder for which appellant's whereabouts could not be verified without contradiction.

(b) Appellant alleges counsel was constitutionally ineffective for failing to ask follow-up questions of a potential juror during voir dire. The record shows the potential juror, who was eventually seated, indicated that her family member had been the victim of a violent crime. In the transcript, the juror's description of the crime is inaudible. Appellant's counsel asked the juror if anyone was prosecuted for the crime and the juror responded in the negative. Based on this record, appellant has failed to show that he was prejudiced in any way by counsel's failure to ask further questions of this juror. See *Bright v. State*, 292 Ga. 273, 276 (2) (b) (736 SE2d 380) (2013).

(c) Appellant contends counsel was ineffective for failing to subpoena his cell phone records because he argues the records could show his whereabouts at the time of the murder and presumably confirm he was not at the scene of the crime when it occurred. At the motion for new trial hearing, appellant did not produce the cell phone records or make a proffer as to what the records would show, but rather relied on his own suppositions. Having failed to make any evidentiary showing as to what the contents of the phone records would reveal, appellant cannot establish a valid claim of ineffective

---

[6] *Jackson v. Denno*, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

assistance of counsel. See *Brooks v. State*, 323 Ga. App. 681, 684 (2) (747 SE2d 688) (2013); *Hortman v. State*, 293 Ga. App. 803 (e) (670 SE2d 99) (2008).

(d) Appellant alleges his counsel provided ineffective assistance by failing to object to the admission into evidence of a gun that was not the murder weapon. The record shows the gun was obtained as part of the investigation of the victim's murder. Specifically, appellant's last statement to police led them to the gun's owner who had loaned the gun to appellant's brother. At trial, the gun's owner testified that, although he had loaned the gun to appellant's brother days prior to the murder, the gun was back in his possession when the murder occurred and could not have been used to shoot the victim. The State's firearms expert confirmed that the bullet retrieved from the victim's head was not shot from the gun police recovered during their investigation. In fact, the firearms expert testified the gun in evidence was a .380 caliber pistol manufactured by Davis, but that the bullet which killed the victim was consistent with being fired from a .380 caliber gun manufactured by either Breako Arms, Larsen, Walther, or Beretta. No other firearm was introduced into evidence by the State. Thus, rather than prejudicing appellant, the evidence adduced at trial regarding the gun in question simply reiterated for the jury that it was not the murder weapon and that there was no other weapon found by authorities linking appellant to the crime. The trial court did not err when it denied appellant's ineffective assistance claim on this ground.

(e) At trial, Malcolm Mitchell testified he recognized appellant's voice when KiKi Knight was speaking to appellant on her cell phone using the speaker function. Mitchell also testified he saw a white car with a black stripe the next day, but was unable to see the occupants of the vehicle. Appellant alleges counsel was ineffective for failing to emphasize to the jury that Mitchell could not visually identify appellant as an occupant of the white car with a black stripe although he stated he could recognize appellant's voice. The jury heard all of Mitchell's testimony and was authorized to resolve for itself any conflicts or inconsistencies in the evidence. See *Heywood v. State*, 292 Ga. 771, 772 (1) (743 SE2d 12) (2013). Appellant has not shown how he was prejudiced by counsel's performance in relation to this witness and so his motion for a new trial based on ineffective assistance of counsel was properly denied by the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 2013.

*James C. Garner*, for appellant.

*L. Craig Fraser, District Attorney, Peter F. Larsen, Bradford N. Childers, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Rochelle W. Gordon, Assistant Attorney General, for appellee.*