## S13A0961. CROWDER v. THE STATE.
(751 SE2d 334)

BENHAM, Justice.

Appellant Darrell Crowder seeks review of his convictions for murder and related crimes for the shooting death of his estranged wife Catcilia Crowder.[1] The trial record shows in a light most favorable to the verdict that in the pre-dawn hours of January 16, 2008, the 16-year-old daughter of appellant and the victim found the victim shot to death in a bathtub in her home. When police arrived at approximately 4:54 a.m. in response to the daughter's 911 call, they discovered the back door of the residence had been kicked in, and they found multiple bullet holes and multiple shell casings from a .45 caliber weapon in multiple rooms of the house. The door to the bedroom and the door to the interior bathroom where the victim was found were also damaged by forced entry. A friend of the victim's daughter, who had spent the night, slept through the incident; however, the daughter heard the door being kicked in and hid in a bedroom. The daughter also heard three gunshots and footsteps as the perpetrator left the house, but she did not see the perpetrator or hear his voice. After she called police, the daughter attempted to call appellant, but he did not return her call which she testified was unusual. The police found .45 caliber shell casings at appellant's mother's house where appellant was residing at the time police went to interview him. A firearms identification expert testified that all of the shell casings and bullets recovered during the investigation, including those recovered at the scene and at the mother's house, were fired from the same .45 caliber gun. Appellant's stepson testified that appellant kept multiple guns, including a .45 caliber gun.

---

[1] The crimes occurred on January 16, 2008. In the October 2011 term of the Newton County Superior Court, a grand jury indicted appellant on charges of malice murder, two counts of felony murder, aggravated assault, and burglary as to Catcilia Crowder; cruelty to a child in the second degree as to Ka'Nesha Crowder; three counts of possession of a firearm during the commission of a crime; cruelty to a child in the third degree as to Ka'Nesha Crowder; and cruelty to a child in the third degree as to Ulrisha Smith. At a jury trial conducted on March 22 through March 23, 2012, appellant was found guilty on all charges except for the count of cruelty to a child in the third degree as to Ulrisha Smith. The trial court sentenced appellant to life in prison for malice murder; twenty years for burglary to be served consecutively to the sentence for malice murder; ten years for cruelty to a child in the second degree to be served consecutively to the sentence for burglary; and five years for possession of a firearm during the commission of a crime to be served consecutively to the sentence for cruelty to a child in the second degree. The remaining counts merged and/or were vacated as a matter of law. Appellant moved for a new trial on April 9, 2012, and amended his motion on August 13, 2012, August 20, 2012, and October 5, 2012. The trial court held a hearing on the motion for new trial as amended on August 21, 2012, and denied the motion on October 24, 2012. Appellant filed a notice of appeal on November 1, 2012, and the appeal was docketed to the April 2013 term of this Court. The case was orally argued on June 4, 2013.

The medical examiner recovered a .45 caliber bullet from the victim's head and testified the victim was shot three times and died from two gunshot wounds to her head.

At the time of the shooting, appellant was employed at a post office facility in Atlanta and worked an overnight shift from 11:00 p.m. to 7:30 a.m. On January 15, the night before the murder, appellant clocked in for his shift on time. A co-worker testified that appellant took his regular lunch break around 3:00 a.m. on January 16, but stated appellant did not return to his workstation within thirty minutes as normal. Appellant was not seen again in the workplace until close to 6:00 a.m. When he returned to his work-station, appellant asked his co-worker to hold onto his cell phone. The State introduced cell phone records placing appellant in Newton County on the morning of the shooting, rather than at his job in Atlanta, and showing exchanges of insulting text messages between appellant and the victim. The last text sent by appellant at 4:18 a.m. said "You are boo thru." In her last text, sent at 4:24 a.m., the victim called appellant a "child molester." Days before the murder, the victim had become aware of an allegation that appellant had molested a young cousin years ago while that cousin was living with appellant and the victim. When the victim went to confront appellant about the allegation, he was not home, and she had a confrontation with appellant's mother and one of his female cousins. One of the couple's daughters testified that the allegation was a source of tension between her already estranged parents in the days before the victim's death. In addition to this family dispute, the State introduced evidence of two incidents of prior difficulties between appellant and the victim: a witness testified to a prior difficulty during which appellant pointed a gun at the victim's head and threatened her life; and in another incident witnessed by a police officer, appellant drove his car into the victim's car and then, when he was being taken into custody, appellant made a threat on the victim's life.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant alleged the trial court erred when it allowed the admission of the child molestation allegation at trial. Before trial commenced, the trial court held a hearing on appellant's motion in limine to exclude evidence of the molestation allegation against appellant. The State argued and the trial court agreed that the evidence was relevant and admissible to show motive, res gestae, and course of conduct despite the fact that the evidence incidentally placed appellant's character into issue. The trial court reaffirmed its

decision when it denied appellant's motion for new trial on the same ground. We find no error. Evidence of motive is always relevant in a murder trial. See *Burgess v. State*, 292 Ga. 821 (6) (742 SE2d 464) (2013); *Merritt v. State*, 285 Ga. 778 (3) (683 SE2d 855) (2009). Here, the evidence regarding the molestation allegation explained the escalating tension between appellant and the victim, including the exchange of heated text messages between them on the day of the crime. Of particular relevance was the text message the victim sent calling appellant a "child molester" just minutes before her death. Since the evidence was admissible to show motive, there was no error. Id.

3. Appellant alleges trial counsel was constitutionally ineffective for failing to call a witness to testify that the DNA of a male who was not appellant was found in the victim's mouth.[2] In order to prevail on such a claim, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court. *Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). At the motion for new trial hearing, trial counsel testified that she did not call the former GBI chemist who could testify about the DNA evidence because the person was out-of-state and it was "late in the process" to secure the witness for trial. Pretermitting whether trial counsel was deficient for failing to secure the GBI chemist to testify at trial, appellant has failed to show prejudice. At the motion for new trial hearing "[e]ither the uncalled witness must testify or the defendant must introduce a legally recognized substitute for the uncalled witness's testimony." *Dickens v. State*, 280 Ga. 320, 322 (2) (627 SE2d 587) (2006). Here, appellant did not produce the witness to give testimony at the motion for new trial hearing or otherwise provide a legally recognized substitute as to what the witness would have testified at trial. Without making any such

---

[2] Appellant argued the male DNA was relevant to show that someone else was with the victim on the night in question and may have committed the crime.

evidentiary showing at the motion for new trial hearing, appellant cannot establish a reasonable probability that the outcome of his trial would have been different. Id. at 323. See also *Reaves v. State*, 292 Ga. 545 (4) (739 SE2d 368) (2013). Even if we assumed the witness's testimony would have shown the victim had the DNA of a male who was not appellant in her mouth, that information alone would be insufficient to show the outcome of the trial would have been different in light of the substantial evidence of appellant's guilt. Appellant has failed to show that his trial counsel rendered constitutionally ineffective assistance.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 2013.

*Garland, Samuel & Loeb, Donald F. Samuel, Patrick R. Sullivan,* for appellant.

*Layla H. Zon, District Attorney, Melanie M. Bell, Elizabeth K. Grofic, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia K. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Rochelle W. Gordon, Assistant Attorney General,* for appellee.