297 Ga. 214
FINAL COPY

S15A0296. SMITH v. THE STATE.

MELTON, Justice.

Following a jury trial, Ricky Smith was found guilty of malice murder, aggravated assault, and various other offenses in connection with the shooting of Steven Smith and the shooting death of Tajuana Stroud.[1] On appeal Smith contends, among other things, that the trial court erred by failing to grant him

_____

[1] On January 8, 2010, Smith was indicted for malice murder, felony murder (predicated on aggravated assault), two counts of aggravated assault (each count based on the separate shootings of Steven Smith and Tajuana Stroud), two counts of possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Following a March 26-27, 2012 jury trial, Smith was found guilty on all counts. On April 3, 2012, the trial court sentenced Smith to life imprisonment with the possibility of parole for malice murder, twenty consecutive years for aggravated assault in connection with the shooting of Steven Smith, and five years on each of the firearm possession counts (with those counts to run consecutive to the malice murder count but concurrent with each other). The trial court merged the remaining aggravated assault count with the malice murder count, and the felony murder count was vacated by operation of law. Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993). Smith filed a motion for new trial on April 10, 2012, which he amended with new counsel on March 5, 2014. The trial court denied the motion on July 8, 2014. Following the payment of costs, Smith's timely appeal was docketed in this Court for the January 2015 term and submitted for decision on the briefs.

a timely trial and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on November 8, 2009, Smith, a convicted felon, got into an argument with his brother, Steven, at the house that Smith lived in with his mother. Steven then went to the home of Smith's wife, Stroud, informing her that Smith was having an affair. Stroud drove from her home with her son, Ricky Smith, Jr., to the home where Smith was staying to talk with him about the accusation that he was having an affair. Stroud began speaking with Smith outside of the home, and Steven returned to the mother's home at some point during the course of that conversation. Steven yelled out to his brother that he should tell his wife the truth about the affair. Smith then pulled out a gun and shot Steven in the shoulder, but Steven was able to flee the scene and survive. Stroud attempted to run away, but was unable to get away from Smith before he turned the gun on her. Stroud asked Smith if he was going to kill her in front of their son, and Smith pulled the trigger, but the gun did not fire. Smith then adjusted the gun and shot Stroud five times, killing her.

This evidence was sufficient to enable a rational trier of fact to find Smith guilty of all of the crimes of which he was convicted beyond a reasonable doubt.

2

*Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Smith argues that the trial court erred by holding a conversation in front of the jury about the admissibility of evidence of alleged prior difficulties between Smith and Stroud. However, Smith never objected to any such conversation taking place before the jury, so he has waived review of this issue on appeal. See *Smith v. State*, 284 Ga. 304 (4) (667 SE2d 65) (2008).

3. Smith contends that the trial court erred by (1) failing to give a proper limiting instruction to the jury that included the pattern charge on prior difficulties before the testimony of Ricky Smith, Jr., and (2) failing to give a proper limiting instruction to the jury on the necessity exception to the rule against hearsay. However, Smith's first contention is belied by the record, as the record reveals that the trial court did in fact read the pattern charge on prior difficulties to the jury. With respect to Smith's second contention regarding the instruction on necessity, the record reveals that Smith never objected to this instruction or requested that the trial court give a different limiting instruction. Accordingly, any challenge to the instruction given could only be reviewed for plain error. See, e.g., *Holloman v. State*, 293 Ga. 151 (2) (744 SE2d 59) (2013). In this connection, the instruction given by the trial court adequately covered the

legal doctrine of necessity and the jury's role in evaluating evidence admitted under the necessity exception after the trial court has determined that the evidence is admissible. The instruction given therefore was not erroneous. See id.

4. Smith contends that the trial court erred by failing to act on his pro se letter to the court in which he requested a speedy trial. However, Smith was represented by counsel at the time that he filed this letter. "A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." (Citations and punctuation omitted.) Tolbert v. Toole, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014). The trial court was not required to act on this unauthorized pro se filing.

5. Smith argues that his trial counsel was ineffective for (a) failing to file a speedy trial demand, (b) failing to secure the phone records of Smith's wife, (c) failing to secure the abortion clinic records of Smith's wife, and (d) failing to call certain witnesses.

> In order to succeed on his claim of ineffective assistance, [Smith] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would

4

have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) "Whether to file a demand for speedy trial is usually a matter of trial tactics and strategy, as a delay in bringing the case to trial may work to a defendant's advantage. [Cits.]" Jones v. State, 296 Ga. 561, 569 (6) (769 SE2d 307) (2015). Here, trial counsel testified at the motion for new trial hearing that he made a strategic decision not to file a speedy trial demand after discussing the issue with Smith, as he concluded that a delay might have worked to Smith's advantage. Indeed, during the time before trial, defense counsel was able to develop a rapport with Smith's brother, Steven, that counsel believed made Steven a less damaging witness against Smith at trial than he otherwise would have been. In addition, one of the eyewitnesses to the murder became unavailable for trial during the time before the trial. We find that the trial court

5

properly concluded that Smith has failed to carry his burden of showing that his trial counsel was ineffective in this regard. Id.

(b) "At the motion for new trial hearing, [Smith] did not produce the cell phone records [in question] or make a proffer as to what the records would show, but rather relied on his own suppositions. Having failed to make any evidentiary showing as to what the contents of the phone records would reveal, appellant cannot establish a valid claim of ineffective assistance of counsel." (Citations omitted.) White v. State, 293 Ga. 825, 827-828 (2) (c) (750 SE2d 165) (2013).

(c) Similarly, because Smith did not produce the medical records in question or make a proffer as to what the records would show at the motion for new trial hearing, he cannot show that his trial counsel was ineffective for having failed to obtain these records. See id.

(d) Smith asserts that his trial counsel should have called two witnesses who would have allegedly testified that Smith's wife was the instigator in their altercations. However, Smith did not call these witnesses to testify at the motion for new trial hearing or "introduce a legally recognized substitute for the uncalled witness's testimony." (Citation omitted.) Crowder v. State, 294 Ga.

6

167, 169 (3) (751 SE2d 334) (2013). Accordingly, he cannot make a showing of ineffective assistance. Id.

Judgment affirmed. All the Justices concur.

Decided June 1, 2015.

Murder. Newton Superior Court. Before Judge Ott.

Green B. Moore III, Kelly L. McLain, for appellant.

Layla H. Zon, District Attorney, Melanie M. Bell, Anne M. Kurtz, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.