297 Ga. 226
FINAL COPY

S15A0379. NORWOOD v. THE STATE.

MELTON, Justice.

Following a jury trial, Brandon Jaron Norwood was found guilty of felony

murder, aggravated assault, and various other offenses in connection with the

shooting deaths of Jimmy Prak and Vandit Patel.[1] On appeal Norwood contends

---

[1] On May 6, 2010, Norwood was indicted for eight counts of felony murder, two counts of malice murder, three counts of aggravated assault, two counts of armed robbery, two counts of possession of a weapon during the commission of a crime, criminal attempt to violate the Georgia Controlled Substances Act, and criminal attempt to commit armed robbery. Following a February 17-22, 2012 jury trial, Norwood was found guilty on seven counts of felony murder, all counts of aggravated assault, attempt to violate the Georgia Controlled Substances Act, and criminal attempt to commit armed robbery. Norwood was acquitted on both counts of malice murder, both counts of armed robbery, and both counts of possession of a weapon during the commission of a crime. The trial court removed the final felony murder charge (based on the attempted armed robbery of Prak) from the jury's consideration. On February 23, 2012, the trial court sentenced Norwood to life imprisonment for felony murder (based on aggravated assault from shooting Patel); a consecutive life term for felony murder (based on aggravated assault from shooting Prak); twenty consecutive years for aggravated assault (for stabbing Patel); and ten concurrent years for criminal attempt to violate the Georgia Controlled Substances Act. The remaining counts were either vacated or merged for sentencing purposes. Norwood filed a motion for new trial on March 23, 2012, which he amended with new counsel on March 13, 2014. The trial court denied the motion on August 19, 2014. Norwood's timely appeal was docketed in this

that his trial counsel was ineffective and that the trial court erred by failing to merge for sentencing purposes Norwood's aggravated assault charge pertaining to the stabbing of Patel with the felony murder charge against him based on the shooting of Patel. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on January 18, 2009, Norwood, and his co-defendants Superiore Emonte Allen and Santonio Demonta Lucas, planned to meet with Patel (a local marijuana dealer) and Prak at an apartment complex to conduct an arranged drug deal. However, the real plan was for Norwood and his co-defendants to rob the drug dealers. Soon after Patel and Prak arrived to conduct the deal, Lucas, who was serving as the "lookout" for the planned robbery, followed them. Norwood and Allen then started a physical fight with Patel and Prak. Allen and Norwood chased the drug dealers as they tried to flee. Allen went after Patel, and, when Patel fell over and rolled into the apartment complex parking lot, Allen stood over him, shot him, and continued to punch and kick him. In the meantime, Norwood was beating up Prak in an outdoor area that was between two nearby

Court for the January 2015 term and submitted for decision on the briefs.

apartments and across from the area where Allen was beating Patel. Allen then walked over to the area where Norwood was beating Prak and shot Prak in the head, killing him. Allen then ran back over to Patel and shot him two more times. However, Patel was still alive. Norwood also stabbed Patel several times in an attempt to "finish[ ] [him] off" before he and his co-defendants ran away. However, Patel continued to live and was still gasping for air after the assailants left the scene. Patel did die soon thereafter, though, before police arrived. The State's medical examiner testified that Patel died, not from the stab wounds inflicted by Norwood, but from a gunshot wound inflicted to his neck by Allen.

This evidence was sufficient to enable a rational trier of fact to find Norwood guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime).

2. Norwood contends that his trial counsel was ineffective for failing to object on Confrontation Clause grounds to the admission into evidence of co-defendant Lucas' confession to police about being the lookout for the planned robbery of Patel and Prak. See Bruton v. United States, 391 U. S. 123 (88 SCt 1620, 20 LE2d 476) (1968).

In order to succeed on his claim of ineffective assistance, [Norwood] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

As an initial matter, it cannot be said that trial counsel did not object to the admission of Lucas' statement, as he specifically joined co-defendant Allen's motion in limine that sought to exclude Lucas' statement on Confrontation Clause grounds pursuant to Bruton v. United States, supra. In any event, in response to the motion in limine, Lucas' videotaped confession was not played at trial. The State only asked a detective about Lucas' statement, and none of the testimony relating to the statement mentioned Norwood in any way. Furthermore, the trial court gave a limiting instruction to the jury to ensure that any voluntary out-of-court statement made by a co-defendant after the crime

4

could only be considered against that co-defendant.

> A co-defendant's statement meets the Confrontation Clause's standard for admissibility when it does not refer to the existence of the defendant and is accompanied by instructions limiting its use to the case against the confessing co-defendant. The fact that the jury might infer from the contents of the co-defendant's statement in conjunction with other evidence, that the defendant was involved does not make the admission of the co-defendant's statement a violation of the Confrontation Clause.

(Citation omitted.) Hanifa v. State, 269 Ga. 797, 803-804 (2) (505 SE2d 731) (1998). Because trial counsel did object to any inadmissible evidence on Confrontation Clause grounds, and because the evidence that was actually admitted at trial was, in fact, admissible, Norwood's claim of ineffective assistance is without merit.

3. Norwood claims that the trial court erred by failing to merge his aggravated assault conviction, which was based on his *stabbing* Patel, with his felony murder conviction that was based on aggravated assault from *shooting* Patel. However, the evidence shows that (1) Allen began shooting Patel while Norwood was separately beating Prak in another area; and (2) despite Norwood going to Patel to stab him and "finish[ ] [him] off," Patel did not die from being stabbed, but died from having been shot by Allen through the neck. The

aggravated assault based on stabbing required the State to prove that Patel was stabbed with a knife, whereas the felony murder charge required the State to prove that Patel was assaulted and killed with a gun. Accordingly, the trial court properly declined to merge these counts for sentencing purposes. See Drinkard v. Walker, 281 Ga. 211, 215 (636 SE2d 530) (2006) ("Under the 'required evidence' test . . . the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.") (punctuation and footnote omitted). See also Starks v. State, 283 Ga. 164, 165 (1) (656 SE2d 518) (2008) (An "aggravated assault conviction d[oes] not merge as a matter of fact with [a] murder conviction [where] the evidence demonstrate[s] that [the] defendant inflicted a severe (but non-fatal) [attack] upon the victim that was separate and distinct from the [attack] which killed him.").

Judgment affirmed. All the Justices concur.


Decided June 1, 2015.

Murder. Clayton Superior Court. Before Judge Carter.

Long D. Vo, for appellant.

Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Kathryn L. Powers, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.