306 Ga. 556
FINAL COPY

S19A0694.  SMITH v. THE STATE.

BETHEL, Justice.

Following his conviction for the murder of Patricia Burley, Corey Smith appeals from the denial of his motion for new trial, arguing that the trial court erred in denying his motion because he received ineffective assistance of counsel at trial.  We disagree and affirm. [1]

Viewed in the light most favorable to the verdicts, the evidence presented at trial shows the following.  On the morning of August

---

[1] The crimes occurred in August 2010.  On March 6, 2012, a Richmond County grand jury indicted Smith for malice murder and felony murder predicated on the aggravated assault of Patricia Burley.  At a March 2012 trial, a jury found Smith guilty of both charges.  The trial court purported to merge the felony murder count into the malice murder count, but the felony murder count was actually vacated by operation of law.  See *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993).  Smith was sentenced to life without the possibility of parole.

Smith filed a motion for new trial on April 4, 2012, and he amended that motion on February 2, 2016.  Following a hearing, the trial court denied the motion (as amended) on August 17, 2018.  Smith filed a notice of appeal to this Court on August 20, 2018, and the case was docketed in this Court to the April 2019 term and submitted for a decision on the briefs.

22, 2010, 54-year-old Burley was staying at the house of her neighbor, Mary Williams. Burley had Down syndrome and according to her cousin, who cared for her, had the mental capacity of a seven-year-old child. Burley was on the front porch with Williams' grandson when Smith approached and began talking to Burley. When the grandson asked Burley who Smith was, she replied that Smith was her boyfriend.

The grandson went inside the house and told Williams that a man was on the front porch with Burley. Williams came outside, and Smith introduced himself after Williams asked him his name. Williams returned inside, but, when she came out a little bit later, Smith was "hugging on" Burley. Williams asked Burley to come inside. Later that evening at around 10:00 p.m., Burley's cousin called Williams and asked for Burley to return home. However, Burley did not return home.

Williams' grandson testified that when Burley left the house that evening, she was walking with Smith away from her home, toward her church. Another neighbor witnessed Burley walking

2

hand-in-hand with Smith through some bushes near his home. Several days later, Burley's body was discovered next to a trash can in a wooded lot some distance away. An autopsy revealed that Burley had died from asphyxiation. Smith's partial palm print and a fingerprint were found on that trash can, and two witnesses informed police that they had observed Smith pushing a trash can near that area. A couple of days before Burley's body was found, Smith was seen scrubbing his hands and wiping his body down with water at a nearby gas station. Investigators later found Burley's DNA on Smith's shorts.

Smith was arrested for Burley's murder. Prior to trial, Smith filed a special plea of mental incompetence and a notice of intent to raise insanity or mental incompetence. The court ordered a competency-to-stand-trial evaluation and a criminal-responsibility evaluation of insanity. A special jury trial on the issue of competency was held on March 12, 2012. At that trial, the evaluator testified that Smith suffered from schizophrenia with paranoid subtype. However, the evaluator did not testify that Smith was

unable to distinguish between right and wrong or that he was operating under a delusional compulsion at the time of the offense. After the competency trial, the jury returned a verdict against Smith's special plea of incompetence. Before his trial, Smith requested jury charges on mental illness that tracked the language pertaining to "guilty but mentally ill" set forth in OCGA § 17-7-131 and on considering mental illness with the evidence as a whole. Smith ultimately presented a defense of innocence, rather than insanity or mental illness, and the charges were not given.[2] Smith was found guilty. Although Smith does not challenge the sufficiency of the evidence supporting his conviction, as is our practice in murder cases, we have reviewed the record and conclude that the evidence presented at trial and summarized above was sufficient for a rational trier of fact to find Smith guilty beyond a reasonable doubt of the crime for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 318-319 (99 SCt 2781, 61 LE2d 560) (1979).

---

[2] The charge conference was not transcribed and the record does not indicate why the requested charges ultimately were not given.

4

Smith argues that he received ineffective assistance because his trial counsel failed to request a jury instruction on insanity or mental illness as set forth in OCGA § 17-7-131. We disagree.

> In order to succeed on his claim of ineffective assistance, [Smith] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004).

*Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). "Decisions on requests to charge involve trial tactics to which we must afford substantial latitude, and they provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Citation and punctuation omitted.) *Mitchell v. State*, 282 Ga. 416, 420 (6) (d) (651 SE2d 49) (2007).

Here, Smith generally asserts that the outcome of his trial would have been different had trial counsel requested and the jury

5

received an instruction under OCGA § 17-7-131. However, the record indicates that trial counsel actually requested a charge on guilty but mentally ill that tracked that portion of OCGA § 17-7-131, although the record does not indicate why the charge was not given. Even assuming trial counsel withdrew her request or waived the charge, Smith's trial counsel testified at the motion for new trial hearing that she made a strategic decision not to pursue the affirmative defenses of insanity or mental illness. This was because Smith maintained that he did not commit the murder and because the evaluator had not concluded that Smith was insane at the time of the murder. Indeed, Smith steadfastly maintained his innocence even at the motion for new trial hearing. Counsel's strategic decision was not unreasonable under these circumstances, so Smith has failed to prove that his counsel performed deficiently. See *King v. State*, 282 Ga. 505, 507 (2) (a) (651 SE2d 711) (2007) (finding that the appellant did not prove ineffective assistance when his trial attorney chose to argue innocence rather than a lesser included offense where defendant had asserted his innocence); *Mitchell*, 282

6

Ga. at 420 (6) (d).

*Judgment affirmed.  All the Justices concur.*

DECIDED AUGUST 19, 2019.
Murder. Richmond Superior Court. Before Judge Annis.
*McMillan, Rawlings & Howard, Michael S. Howard,* for

appellant.

*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.