## S02A0951. BIBBS v. THE STATE.
(571 SE2d 770)

FLETCHER, Chief Justice.

Quinton Bibbs challenges the sufficiency of the evidence that was used to convict him for the murder and armed robbery of James Morris. Because the evidence at trial was constitutionally sufficient for a reasonable jury to convict Bibbs for murder and armed robbery, we affirm.[1]

Taken in the light most favorable to the jury's verdict, the evidence presented at trial showed that Bibbs drove to Morris's store, shot him dead, and robbed him of money and firearms. Specifically, on the evening of February 21, 1999, a man matching Bibbs's description drove to Morris's store in a dark-colored car with chrome wheels and out-of-state license plates. Although the store was closed for the evening, Morris let him in, and the two spoke about a MAC-11 handgun that he had given Morris as collateral for a loan. He and Morris were the last two people in the store that evening. The next morning, Morris was found dead, shot with a weapon of the same type as the MAC-11.

That same morning, Bibbs was driving a black Pontiac Sunfire with Mississippi plates and chrome-like wheels, which he often borrowed from a roommate. Police recovered papers from the Sunfire

---

[1] The crimes occurred on February 22, 1999. A grand jury indicted Bibbs on November 8, 1999 for malice murder, felony murder, and armed robbery, and a jury convicted him of all three counts on September 1, 2000. The trial court sentenced him to life imprisonment for the malice murder followed by twenty years imprisonment for the armed robbery. The felony murder conviction was vacated by operation of law. Bibbs moved for a new trial on September 12, 2000 and amended his motion on October 5, 2000. The trial court denied the motion for new trial on January 16, 2002. Bibbs filed a notice of appeal to this Court on February 4, 2002, and the case was submitted for decision on May 6, 2002.

that had Bibbs's name on them, including a receipt from a cellular telephone store that was in the same strip mall as Morris's store. The police found in a car belonging to one of Bibbs's roommates two handguns that had been stolen from Morris's store: a 9 mm pistol and a .357 revolver. Witnesses testified that Bibbs owned those weapons. Police also found Bibbs's fingerprints on a box of 9 mm ammunition that was in his apartment, and they found several rounds of .357 ammunition in his car. A pair of Bibbs's shoes had a spot of the victim's blood on them, and those same shoes matched a bloody shoe print left at the murder scene.

After the robbery and murder, Bibbs began spending a lot of money, even though he did not have a job at the time. He bought a car and new clothes, and he took his friends to a strip club where he purchased dances and drinks for them. Additionally, Bibbs told a person with whom Bibbs was incarcerated that one of his friends had borrowed his shoes and committed a robbery and murder using his car.

To sustain a conviction based on circumstantial evidence, the evidence must exclude all reasonable hypotheses other than the defendant's guilt.[2] We conclude that there was sufficient evidence from which a rational trier of fact could have excluded all reasonable hypotheses other than Bibbs's guilt for malice murder, felony murder and armed robbery and found him guilty beyond a reasonable doubt for those crimes.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Xavier C. Dicks*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[2] OCGA § 24-4-6; *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).