## S10A0324. CUTRER v. THE STATE.
### (695 SE2d 597)

BENHAM, Justice.

Appellant Richard Cutrer appeals his conviction for crimes related to the death of Zaran Watts.[1] In the spring of 2005, the victim Zaran Watts returned to Georgia from Mississippi after selling land he had inherited there. Having no bank account, Watts had about $18,000 in cash in his possession from the sale. After paying some bills, a witness testified that Watts had at least $13,000 in cash which he kept in a sock inside his rural Coffee County home. At that time, appellant had been living with the victim for three or four months, and the two had planned to use the money the victim obtained to go into business together. In or about mid-April 2005, Watts went

---

[1] On June 23, 2005, authorities discovered the dead body of Zaran Watts inside his Coffee County home. A Coffee County grand jury indicted appellant on August 16, 2005, for malice murder, felony murder (aggravated assault), armed robbery, and two counts of theft by taking (auto). A jury trial was held from March 27-29, 2007, and, at its conclusion, the jury returned a verdict of guilty on all counts except felony murder. Appellant was sentenced to life in prison for malice murder and armed robbery, and ten years for each theft by taking count, to be served consecutively. Appellant moved for a new trial on March 30, 2007, and the motion was denied August 10, 2009. The notice of appeal was filed on August 24, 2009, and the case was docketed for the January 2010 term. Because neither party requested oral argument, the case is considered on the briefs.

missing. No one was immediately concerned, however, because Watts had nomadic tendencies and was known to disappear for prolonged periods of time. His family and friends became more concerned when he failed to keep a scheduled teleconference with his divorce lawyer at his mother's house in late April, when he missed a friend's May wedding for which he was supposed to be the best man, and when in June he missed a scheduled visit from his children who lived out-of-state. Whenever anyone asked appellant where the victim was, appellant would state the victim was out-of-town.[2] During the time the victim was missing and prior to the discovery of the victim's body, appellant continued to live in the victim's house, was seen driving the victim's two vehicles, was seen with a large wad of cash, and was seen handling, selling, and pawning the victim's property. In particular, the State presented evidence that in May 2005, appellant sold a man's Omega watch, which was identified by witnesses as a watch the victim had inherited from his deceased father, to a Florida pawn shop. On June 12, 2005, appellant was driving the victim's truck when he was stopped by a state trooper on Jekyll Island. At the time of the stop, appellant had the victim's driver's license in his possession.

On June 23, 2005, with the permission of the victim's mother who was owner of record of the house, the authorities thoroughly searched the house and found the victim's body in a chest freezer. A few days after the victim's body had been discovered, one of the victim's friends testified he saw a number of the victim's personal items in an antiques store. Upon investigation, authorities learned the items had been sold to the store by appellant.

The medical examiner testified that the body had lacerations to the head and, based on the shape of the impacts to the skull, appeared to be made by a mallet or hammer. The medical examiner stated that the cause of death was blunt force trauma to the head. After the autopsy report was released, authorities searched the victim's house again and found a bloodstained mallet which they believed to be the murder weapon. An inmate who shared a jail cell with appellant in February 2007 testified appellant told him he had "snapped" and killed the victim after the two had been using methamphetamine and the victim refused to use his money to purchase more drugs. The cell mate told authorities that appellant said he took money from the victim after killing him and placing him in the freezer.

Appellant alleges there is insufficient evidence to support his

---

[2] In response to their inquiries about the victim's whereabouts, witnesses testified at trial that appellant stated the victim was visiting a girl in Waycross, Georgia and/or that he was visiting friends in Florida.

conviction for armed robbery and malice murder.[3] We disagree. The relevant inquiry on appeal challenging the sufficiency of the evidence is whether the evidence, viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he is charged. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). In a case like this one, "[t]o warrant a conviction [based] on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Even with the presentation of circumstantial evidence, a jury is "authorized to conclude that the evidence [of the crimes charged] . . . was sufficient to exclude every reasonable hypothesis, save that of the guilt of the accused." *Yeager v. State*, 281 Ga 1, 2 (1) (635 SE2d 704) (2006). Questions as to the reasonableness of hypotheses are for the jury to decide in cases predicated on circumstantial evidence. Id.; *Sims v. State*, 278 Ga. 587 (1) (604 SE2d 799) (2004). Here, the evidence showed that the victim went missing shortly after coming into a substantial amount of cash; appellant had access to the victim's home; appellant was seen driving around in the victim's two vehicles, seen selling the victim's property, and seen with a large amount of cash; the victim died from blunt trauma to the head and a mallet with blood on it was found inside the house. In addition, a witness testified that appellant confided to him that he killed the victim, placed his body in a freezer, and took the victim's money. OCGA § 24-4-8 (testimony of a single witness who is not an accomplice is sufficient to establish a fact). This evidence was sufficient to authorize the jury to find appellant guilty of armed robbery and malice murder. *Jackson v. Virginia*, 443 U. S. at 319; *Bibbs v. State*, 275 Ga. 659 (571 SE2d 770) (2002).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2010.

*John C. Culp*, for appellant.
*Richard E. Currie, District Attorney, Michelle C. McIntire, Assistant District Attorney, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.

---

[3] The jury did not find appellant guilty of felony murder and so appellant's allegations regarding errors related to that charge are not subject to review.