S10A2033. LOWE v. THE STATE.

(706 SE2d 449)

BENHAM, Justice.

This appeal arises from appellant Antonia Lowe's murder conviction relating to the death of Lula Bell Scott.[1]

1. Appellant contends the evidence is insufficient to uphold her conviction. The relevant inquiry on appeal challenging the sufficiency of the evidence is whether the evidence, viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which she is charged. *Jackson v. Virginia,* 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); *Cutrer v. State,* 287 Ga. 272, 274 (695 SE2d 597) (2010). The evidence introduced at trial showed that on November 4, 2006, the body of Lula Bell Scott was discovered by hunters in the woods of McDuffie County. Based on the state of the body's decomposition, law enforcement determined the victim had been dead since at least the first week of September 2006. Clarice Billings, appellant, and Scott, who was Billings's mother, all lived together. At trial, Billings testified she last saw the victim on September 1, 2006, when she and appellant went looking for Scott in Thomson, Georgia (McDuffie County) to urge her to return to their home in Hephzibah, Georgia (Richmond County). When they could not persuade Scott to come back home, Billings and appellant went to a friend's house. Appellant then offered to go look for and talk to Scott one more time. When appellant came back, she reported to

---

[1] On August 7, 2008, a McDuffie County grand jury indicted appellant for malice murder, felony murder, and aggravated assault. Her trial took place on October 26-28, 2009, and a jury returned a verdict of guilty on all charges. The trial court sentenced appellant to life in prison for malice murder. The aggravated assault charge merged into the malice murder charge as a matter of fact and the felony murder charge was vacated as a matter of law. On November 24, 2009, appellant moved for a new trial and amended the motion on June 22, 2010. The trial court denied the motion on August 3, 2010. Appellant filed a notice of appeal on August 3, 2010, and the case was docketed in this Court for the September 2010 term for decision on the briefs.

Billings that she had hit a deer. Billings thought nothing of it since appellant had hit a deer in 2005. When Billings did not hear from her mother over that weekend, she reported the victim missing the following Monday, September 4. The father of one of appellant's children testified that appellant confided to him that appellant had found Scott and that they had a physical altercation while sitting inside appellant's tan Ford Expedition. During the altercation, appellant stated she cut the victim. When the victim climbed out of the vehicle and threatened to call the police, appellant told her child's father that she "snapped" and hit the victim with her truck, watching the body fly into the brush on the side of the road. During the investigation, the authorities found car parts, which were identified as belonging to either a Ford F-150 pickup truck or a Ford Expedition, near the roadside adjacent to where the body was found. The State also introduced an invoice of the repair to appellant's vehicle in which she reported hitting a deer on the same date the victim was last seen. Another witness testified that appellant asked her to tell the car insurance company that she was with appellant and that appellant had hit a deer on the day in question. During a phone call initiated by appellant, the witness said she also told Billings she was with appellant when she hit the deer. When the police questioned the witness, however, she told them what appellant had asked her to say and confirmed that she was not with appellant on the day in question, but was at home playing cards.

Based on the body's state of decomposition, the medical examiner could not perform an autopsy and a forensic dentist had to establish the body's identity through dental records. The forensic anthropologist examined the skeletal remains and testified that the victim sustained numerous injuries around the time of death, including fractures to her neck and spine, a fractured pelvis, a broken right arm, a fractured right thigh, and 24 fractured ribs, all injuries consistent with being hit by a vehicle. He testified that the cause of death was multiple blunt force trauma.[2]

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. Id.

2. Upon denying the motion for new trial, the trial court resolved all credibility issues against appellant. Appellant contends that the jury's verdict was contrary to the evidence under OCGA § 5-5-20 and, therefore, the trial court erred when it failed to discredit the testimony of her child's father and failed to apply the reasonable

---

[2] The medical examiners could not make a legal determination as to the cause of death – i.e., homicide, accident, or natural – and noted that the legal cause of death was undetermined.

hypothesis rule that is applicable when a conviction is solely based on circumstantial evidence. We disagree. The trial court had complete discretion upon considering the motion for new trial to credit the testimony of her child's father against appellant and such resolution was not an abuse of discretion. *Ricketts v. Williams*, 242 Ga. 303, 304 (248 SE2d 673) (1978). Inasmuch as the evidence shows that appellant confided to the father of her child that she killed the victim, there was direct evidence that appellant committed the crimes with which she was charged. *Brown v. State*, 251 Ga. 598, 601 (4), n. 3 (308 SE2d 182) (1983). Since the reasonable hypothesis rule applies when evidence is entirely circumstantial, the rule was not applicable in this case. *Daniel v. State*, 285 Ga. 406 (2) (677 SE2d 120) (2009); *Green v. State*, 298 Ga. App. 17 (1) (679 SE2d 348) (2009); *Harkins v. State*, 281 Ga. App. 512, 515 (1) (636 SE2d 698) (2006). Accordingly, appellant's contention that the trial court erred is without merit, and her conviction must be sustained.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

*Anne C. Carroll*, for appellant.

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.