## S12A1997. NICHOLS v. THE STATE.
### (736 SE2d 407)

HINES, Justice.

Raymond Nichols appeals his conviction for malice murder in connection with the strangulation death of his mother, Alma Nichols. His sole challenge is that the evidence at trial was insufficient to convict him. Finding the challenge to be without merit, we affirm.[1]

Nichols contends that the verdicts were decidedly and strongly against the weight of the evidence and urges that there was evidence raising the possibility that someone else could have committed the murder, thereby creating reasonable doubt.[2] But, the relevant inquiry when the sufficiency of the evidence is challenged on appeal is whether the evidence, viewed in a light most favorable to the verdict or verdicts, would authorize a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the crime or crimes charged. *Cutrer v. State,* 287 Ga. 272, 274 (695 SE2d 597) (2010), citing *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Nichols appears to maintain that the evidence is solely circumstantial. Even accepting that premise, in the case of circumstantial evidence, in order to warrant a conviction the proved facts must be consistent with the hypothesis of guilt and exclude every other reasonable hypothesis save that of the guilt of the accused.

---

[1] The murder occurred on October 12, 2008. On January 9, 2009, a Fulton County grand jury returned an indictment against Nichols charging him with malice murder, felony murder while in the commission of aggravated assault with a deadly weapon, and aggravated assault. He was tried before a jury September 28-October 1, 2010, and was found guilty of all charges. Nichols was sentenced to life in prison for malice murder; the felony murder verdict stood vacated by operation of law and the aggravated assault was found to merge with the malice murder for the purpose of sentencing. A motion for new trial was filed on October 1, 2010, and an amended motion for new trial was filed on February 14, 2012. The motion for new trial, as amended, was denied on May 4, 2012. A notice of appeal to the Court of Appeals was filed on May 23, 2012, and the case was docketed in that court on July 13, 2012. The case was transferred to this Court and docketed to the September term 2012. The appeal was submitted for decision on the briefs.

[2] In support of his claim of reasonable doubt, Nichols cites testimony from a State's witness that Nichols told him that when he came home he found his mother unresponsive; Nichols also points to testimony from a neighbor that the night before the murder the victim came to her house and related that an unknown man had been in the victim's house.

OCGA § 24-4-6; *Cutrer v. State*, supra at 274. Questions about the reasonableness of hypotheses, which would include the possibility of another perpetrator, are for the jury to decide in cases predicated on circumstantial evidence. Id.; *Sims v. State*, 278 Ga. 587 (1) (604 SE2d 799) (2004).

The evidence construed in favor of the verdicts showed the following. The victim lived with Nichols and another son, David, in College Park. When David died in September 2008, the mother received $4,000 from his estate. A few days before her death, the mother asked her niece, Thornton, to drive her to the bank to deposit the funds. She explained to Thornton that she wished to use the funds to open a checking account for Nichols. When Thornton told the victim that it would not be easy to open an account for Nichols, the victim deposited the money into her personal account. While endorsing the checks in the presence of Nichols, the victim asked Thornton if she could do "whatever [she] want[ed]" with the money. Thornton replied affirmatively and Nichols left, slamming the door. Thornton suggested giving Nichols a small amount of money, but the victim refused.

On October 12, 2008, the victim's neighbor, Willis, returned home and found Nichols on the front steps of the victim's home; Nichols was screaming and holding the victim. Willis saw smoke coming from the house, checked the victim for a pulse, and called 911. Before paramedics arrived, Nichols stated, "Momma, I'm sorry. Momma, I didn't mean to do it." He appeared to be intoxicated. When paramedics arrived, Nichols initially refused to allow the paramedics to touch the victim. The mother had no pulse and was not breathing. Doctors pronounced her dead at the hospital.

Police interviewed Nichols, and he stated that he arrived home after drinking, started to cook something on the stove, fell asleep, and the house "smoked up." He told police that he woke up, found his mother unresponsive, and carried her outside.

Despite Nichols' statements to law enforcement and his family that he found his mother unresponsive after the house "smoked up," the medical examiner determined that the victim died as a result of strangulation effected by pressure from hands; there were hemorrhages in the victim's neck muscles, petechial hemorrhages in her eyes, and a fracture of the hyoid bone, all indicative of strangulation. Smoke inhalation was ruled out as the cause of death because of the lack of soot in the victim's airway, nose, and mouth, and the lack of carbon monoxide in her blood. Also, the fire investigator determined that the amount of smoke produced from the kitchen fire was "insignificant," and not enough to cause injury or death.

During the course of the police questioning, Nichols changed significant details of his story concerning whether his mother was awake or asleep when he arrived home, where she was in the house, and what occurred after he noticed the smoke. Furthermore, the victim's home appeared secure, with no signs of forced entry.

Simply, the evidence was sufficient to enable the jury to find Nichols guilty of malice murder and the remaining crimes with which he was charged in connection with the death of his mother. *Jackson v. Virginia*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Willie G. Davis*, for appellant.

*Paul L. Howard, Jr., District Attorney, Joshua D. Morrison, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General*, for appellee.