FINAL COPY
294 Ga. 567

S13A1687.  BARGE v. THE STATE.

BENHAM, Justice.

Appellant Lamario Barge seeks review of his felony murder conviction and other convictions for the shooting death of Steven Lamar Bass and related crimes.[1]  For reasons discussed below, we affirm.

1.  Appellant alleges the evidence was insufficient to convict him of the crimes for which the jury returned a guilty verdict.

---

[1] The crimes occurred on January 19, 2004.  On January 11, 2005, a Bibb County grand jury indicted appellant, along with co-defendants Lataj Ross and Damian Henderson, on charges including: the malice murder of Steven Lamar Bass; the felony murder (armed robbery) of Mr. Bass; the kidnapping of Kenyata Bluford; the aggravated assault of Mr. Bluford; the armed robbery of Mr. Bluford; the kidnapping of Rayshawn Lucas; the aggravated assault of Mr. Lucas; the armed robbery of Mr. Lucas; the kidnapping of Anthony Calhoun; the armed robbery of Mr. Calhoun; the kidnapping of Tramane Spencer; the armed robbery of Mr. Spencer; and possession of a firearm during the commission of a crime.  Appellant and co-defendant Henderson were tried together before a jury on June 6 through June 21, 2005.  The jury acquitted appellant of malice murder, the aggravated assault of Mr. Lucas, and possession of a firearm during the commission of a crime, but found him guilty on all remaining charges.  The trial court sentenced appellant to life for felony murder plus twenty years for each remaining conviction to be served concurrently to the life sentence.  Appellant moved for a new trial on June 23, 2005, and amended the motion on July 6, 2009.  The trial court held a hearing on the motion for new trial as amended on September 30, 2009, and, after new appellate counsel was appointed, continued the hearing on April 29, 2013.  The trial court denied the motion for new trial on May 28, 2013.  Appellant timely filed a notice of appeal on June 11, 2013, and the case was docketed to the September 2013 term of this Court.  Although appellant mentioned in his brief that he wanted to argue his appeal orally, he never filed a request for oral argument pursuant to Supreme Court Rule 51.  Accordingly, his claims will be resolved on the briefs.

The relevant inquiry on appeal challenging the sufficiency of the evidence is whether the evidence, viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which [he] is charged. Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); Cutrer v. State, 287 Ga. 272, 274 (695 SE2d 597) (2010).

Lowe v. State, 288 Ga. 662 (1) (706 SE2d 449) (2011). Some of the relevant facts regarding this case have been previously set forth in Henderson v. State, 285 Ga. 240 (1) (675 SE2d 28) (2009) as follows:

Atlanta area residents [Damian] Henderson, [Lataj] Ross and [appellant] drove to Macon, ultimately arriving at a duplex on San Juan Avenue. [Kenyata] Bluford was outside the duplex talking on a cell phone when Henderson and Barge approached with guns drawn and ordered him inside at gunpoint; Ross, who was also armed, followed. The three gunmen told Bluford and the other occupants of the two-room duplex, namely, [Rayshawn] Lucas, [Anthony] Calhoun and [Tramane] Spencer, to empty their pockets. These four men were then ordered into one room and told to remove their clothes and get on the floor. Ross hit Lucas over the head with his gun. There was a knock at the door; the gunmen let [Steven] Bass inside and demanded money from him. Bass, who worked as a pizza deliveryman and was armed, fired his gun. In the ensuing

2

exchange of gunfire, both Ross and Bass were shot; Bass's wounds were fatal. The gunmen fled and the surviving victims went to a neighboring house to call police.

All four surviving victims testified at trial and identified appellant in court as being one of the three gunmen at the scene. One of those victims also identified appellant from a photographic lineup during the police investigation. Ross appeared at trial pursuant to a plea deal and testified that he, appellant, and Henderson were the three gunmen who robbed the victims and caused Bass's death. Henderson testified that he, Ross, and appellant were at the scene purportedly to buy drugs; that he and appellant were armed; and that he saw appellant shooting his gun. Appellant took the stand and denied being in Macon on the night in question.

Although appellant raised a defense of alibi, the evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to reject his defense and find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Hampton v. State, 282 Ga. 490 (1) (651 SE2d 698) (2007). See also Jackson v. Virginia, supra, 443 U. S. 307.

2. Appellant alleges his counsel rendered constitutionally ineffective assistance when: counsel refused to investigate the relationship of Henderson

3

and his alleged girlfriend who testified at trial; counsel failed to investigate the biases of other witnesses in the case; counsel failed to investigate allegations that Henderson attempted to bribe witnesses; and counsel failed to find exculpatory witnesses who would testify on appellant's behalf. In order to prevail on a claim of ineffective assistance of counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) Pruitt v. State, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court. Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). At the motion for new trial hearing, trial counsel testified that he and his investigator made an attempt to find and speak with every witness identified in the case, but that some witnesses could not be found and some would not speak with appellant's defense team.[2] Appellant also testified at the motion for new trial hearing, but

[2] At trial, Jasmine Chaude Smedley, who appellant alleges was co-defendant's girlfriend, testified on cross-examination that she had refused to speak with counsel for appellant. Smedley and

4

did not proffer any uncalled witness to testify at the hearing or otherwise proffer a legally recognized substitute for such testimony. In the absence of such evidence, appellant cannot prevail on the prejudice prong of his ineffective assistance claim (Crowder v. State, 294 Ga. 167 (3) (751 SE2d 334) (2013)), and we need not reach the deficiency prong. Wright v. State, supra, 291 Ga. at 870. Thus, the trial court did not err in denying appellant's motion for new trial regarding the claim of ineffective assistance.

3. At the pretrial hearing on his motion to sever, appellant argued that severance was necessary because he and Henderson had antagonistic defenses inasmuch as each would blame the other for the crime. Appellant also had a concern that Henderson's status as a convicted felon and the fact that Henderson was indicted on additional charges[3] would be imputed to him. The trial court denied the motion. After jury selection and prior to calling witnesses, appellant revisited his motion to sever, this time arguing that he would be unable to introduce a certified copy of Henderson's prior conviction after Henderson took

---

Henderson denied any romantic involvement with each other, but Smedley admitted she was close to Henderson's family.

[3] Henderson was charged with felony murder and the underlying predicate felony of possession of a firearm by a convicted felon.

5

the stand in his own defense. The trial court implicitly denied this second motion to sever. Upon the close of evidence and prior to jury deliberations, appellant renewed his motion to sever for a third time, and argued the defendants' antagonistic defenses warranted severance. On appeal, appellant contends the trial court erred when it denied these motions to sever.

"In a capital case in which the death penalty is not sought, a trial court's decision not to sever the trials of co-indictees is reviewed for abuse of discretion, and the movant must make a clear showing that the joint trial was prejudicial and resulted in a denial of due process." Smith v. State, 290 Ga. 428 (2) (721 SE2d 892) (2012). The existence of antagonistic defenses alone is insufficient to require the severance of a joint trial. Coe v. State, 293 Ga. 233 (3) (748 SE2d 824) (2013) (the trial court considers whether the number of defendants creates confusion as to the law and evidence applicable to each; whether there is a danger that evidence admissible against one defendant will be considered against the other; and whether the defenses are antagonistic). As shown below, appellant has failed to show he was prejudiced and denied due process by being jointly tried with Henderson.

(a)  Henderson and appellant were indicted on almost identical charges except that Henderson had two extra charges — felony murder and the predicate felony of possession of a firearm by a convicted felon.  Citing to Dulcio v. State, 292 Ga. 645 (3) (h) (740 SE2d 574) (2013), appellant argues a motion to sever was warranted because the jury was likely confused by Henderson's status as a prior convicted felon and thereby imputed Henderson's status to appellant.  This contention lacks merit.  The trial court specifically instructed the jury on which charges applied only to Henderson and which charges applied to both defendants.  The trial court further instructed the jury as follows:

> The fact that we have more than one defendant on trial: Though you may consider all the evidence as a whole, conviction of one defendant does not necessarily require conviction of both defendants. You, the jury, must determine the guilt or innocence of each defendant separately.

Other than his own supposition, appellant has failed to show the jury was confused by Henderson's status as a prior convicted felon or the extra charges pending against him.

(b)  Appellant next complains that his trial should have been severed because of a video introduced during Henderson's presentation of evidence. The record shows that during the State's case-in-chief, two witnesses testified

that appellant was known by the nickname "Little Yo." When appellant testified on cross-examination, however, he denied having the nickname "Little Yo." After appellant's testimony, Henderson called his father to testify and introduced a videotape his father had recorded showing appellant performing a rap song in which he refers to himself as "Little Yo." Appellant's counsel objected to the videotape on the basis that it lacked a proper foundation, but the trial court overruled the objection allowing the tape to be viewed by the jury. At the motion for new trial hearing, counsel for appellant testified he was surprised by the videotape because it was not part of the pretrial discovery provided by the State, but rather had been introduced by Henderson during trial. Appellant argues on appeal that had he been tried separately, the videotape could have been introduced only through the State subject to pretrial discovery. On this basis, appellant contends he was harmed by the trial court's denial of his motion to sever. We disagree.

Prior to the introduction of the videotape and appellant's testimony, two witnesses had already identified appellant as being the person known as "Little Yo." Thus, the videotape was merely redundant of previously admitted evidence. The fact that appellant's testimony denying he was known as "Little

Yo" was effectively impeached by Henderson's introduction of the videotape is not tantamount to the denial of due process. "[T]he right to rebut a witness' testimony through impeachment is one of the cornerstones of the adversarial process. Even evidence which violates constitutional standards of due process. . . may be admitted for impeachment purposes." Nance v. State, 272 Ga. 217, 226 (526 SE2d 560) (2000) (Carley, J., concurring specially) (citations and punctuation omitted). Accordingly, the trial court did not abuse its discretion when it denied appellant's motions to sever.

Judgment affirmed. All the Justices concur.

Decided February 24, 2014.

Murder. Bibb Superior Court. Before Judge Brown.

Jonathan P. Waters, for appellant.

K. David Cooke, Jr., District Attorney, Sandra G. Matson, Dorothy V. Hull, Jason M. Wilbanks, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General, for appellee.